UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BENITA ANDERSON, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action: 3:21-cv-166 |
| TRANS UNION, LLC, and PHH MORTGAGE CORPORATION, | § § § § § | With Jury Demand Endorsed |
| Defendants. | | |

**COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Plaintiff, Benita Anderson ("Plaintiff"), by and through counsel, for her complaint against Defendants, Trans Union LLC, and PHH Mortgage Corporation, jointly, severally, and in solido, states as follows:

**I.  INTRODUCTION**

1. One of the Defendants is a consumer reporting agencies ("CRA") as defined by 15 U.S.C. § 1681a(f), and Defendant, PHH Mortgage Corporation is a furnisher of consumer information. All Defendants have violated 15 U.S.C. § 1681 *et seq.*, known as the Fair Credit Reporting Act (the "FCRA"). PHH Mortgage Corporation is also liable for violating the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(e). Plaintiff seeks to recover from Defendants actual, statutory, and punitive damages, injunctive relief, legal fees, and expenses.

## II.  PARTIES

2. Plaintiff, Benita Anderson, is a natural person residing in Dallas County, Texas, is a "consumer," as defined by the FCRA, 15 U.S.C. § 1681a(c), and is a victim of repeated false credit reporting and violations of RESPA.

**Made Defendants herein are**:

3. Upon information and belief, Defendant Trans Union LLC, which may also hereinafter be referred to as "Trans Union", "Defendant," "Defendants," "CRA," "CRA Defendant," or "CRA Defendants" is an Illinois limited liability company that does business in this judicial district and may be served by delivering a summons to its headquarters, 555 West Adams Street, Chicago, Illinois 60681. Trans Union is a nationwide CRA as defined by 15 U.S.C. § 1681a(f). Trans Union regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing "consumer reports" as defined by 15 U.S.C. § 1681a(f) to third parties. Trans Union disburses such consumer reports to third parties of contract for monetary compensation.

4. Upon information and belief, Defendant PHH Mortgage Corporation, which may also hereinafter be referred to as "PHH," "Defendant," "Defendants," "Furnisher Defendant," or "Furnisher Defendants," is a New Jersey corporation that does substantial business in this judicial district and may be served by delivering a summons to its Legal Department at its headquarters, 1 Mortgage Way, Mount Laurel, New Jersey 08054. PHH is a "person," as defined by the FCRA, 15 U.S.C. § 1681a(b), and a furnisher of consumer credit information to consumer reporting agencies.

5. PHH Mortgage Corporation is a servicer as defined by RESPA, 12 U.S.C. §

2605(i)(2).

6. As used herein, "consumer reporting agency," or "CRA," means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports (commonly referred to as "credit reports") to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports and is an entity in the business of collecting, maintaining and disseminating information regarding the credit-worthiness of individuals. CRAs specifically include, but are not limited to, Trans Union.

### III. JURISDICTION AND VENUE

7. Plaintiff respectfully asserts that this Honorable Court has jurisdiction in this case arises under federal law. 28 U.S.C. § 1331, 1334, and 1367 and 15 U.S.C. § 1681(p). Plaintiff also assert actions under states' laws which may be brought within the supplemental jurisdiction of this Court and Plaintiff respectfully request that this Honorable Court exercise supplemental jurisdiction over said claims. 28 U.S.C. § 1367.

8. Venue is proper in this District because Plaintiff resides in this district and the Nationstar mortgage account made subject of this litigation is associated with a property that is located within this judicial district.

9. Venue is further proper in this District, because CRA Defendants and PHH transact business in this District. A substantial part of the conduct complained of relates to mortgages concerning a property located in this district and the borrower that resides in this judicial district.

Various actions which make the basis of Plaintiff's claims against Defendants occurred in the Northern District of Texas as further described. 28 U.S.C. § 1391.

10. Venue is further proper in this District, because CRA Defendants entered into agreements with PHH in this judicial district to receive credit reporting data concerning Plaintiff. Any and all responses to investigate Plaintiff's dispute sent from the CRA Defendants as part of their reinvestigation were mailed to Plaintiff in this district, all mortgages referenced in this complaint are liens on Plaintiff's Dallas County property which lies in this district, and all Defendants are contracted and authorized to conduct business in this district.

### IV.  FACTUAL ALLEGATIONS

11. On February 19, 1991, Plaintiff and her then husband secured a mortgage loan for her property located at 1023 Westover Drive, Lancaster, Dallas County, TX 75134 with Nations Bank.

12. In 2006, Ocwen Loan Servicing, LLC, acquired the mortgage.

13. On May 7, 2018, Plaintiff's ex-husband, Kennedy Anderson, filed for Chapter 13 Bankruptcy.

14. A redacted copy of Mr. Anderson's, Chapter 13 Bankruptcy Petition is attached hereto as Exhibit "A" and incorporated in by reference.

15. Plaintiff did not file for bankruptcy.

16. On May 1, 2019, PHH acquired the Ocwen Mortgage and became the loan servicer.

17. PHH assigned to the mortgage at 1023 Westover Drive, loan number ending in 7874, hereinafter ("PHH Mortgage").

18. Plaintiff continued to make ongoing payments to the PHH Mortgage.

19. A redacted copy of Plaintiff's bank statements showing proof of payments to the PHH Mortgage are attached hereto as Exhibit "B" and incorporated in by reference.

20. Sometime in July of 2020, Plaintiff pulled her Tri-Merge credit report containing a Trans Union report and noticed that they were reporting the PHH Mortgage inaccurately.

21. A redacted copy of Plaintiff's July 2020 Tri-Merge credit report is attached as Exhibit "C".

22. Within the Trans Union section of the tri-merge credit report, PHH Mortgage was reporting closed as of November 2019, when it was open, and Plaintiff was still responsible to pay the PHH Mortgage.

23. In September 2020, Plaintiff sent a direct dispute to Trans Union, and requested that the CRA Defendants investigate the reporting of the PHH Mortgage. Plaintiff requested that under the FCRA, the CRA Defendants conduct a reasonable investigation and/or remedy the inaccuracies on Plaintiff's credit report concerning the PHH Mortgage.

24. Redacted copies of Plaintiff's unsigned dispute letter sent to Trans Union, is attached as Exhibit "D", and incorporated in by reference.

25. Trans Union received Plaintiff's dispute on October 5, 2020 and responded to Plaintiff's dispute on October 6, 2020.

26. A redacted copy of Trans Union's response is attached hereto as Exhibit "E" and incorporated herein by reference.

27. Trans Union responded to Plaintiff's dispute by deleting the PHH Mortgage tradeline.

28. Trans Union's response was not the result of a reasonable investigation into Plaintiff's dispute and failed to remedy the inaccuracies within the PHH tradeline because Plaintiff showed she never filed for a Chapter 13 bankruptcy, the PHH Mortgage was an open loan and not closed as of November 2019, Plaintiff did not request for the PHH Mortgage to be deleted, and Trans Union gave no explanation as to why it deleted the tradeline.

29. Trans Union chose to "verify" false information from an unreliable source, failed to correct the inaccurate information and continued to publish the inaccurate information regarding Plaintiff's PHH Mortgage.

30. Upon the Plaintiff's request to Trans Union for verification and addition regarding the PHH mortgage account, and in accordance with Trans Union's standard procedures, Trans Union did not evaluate or consider any of Plaintiff's information, claims or evidence and did not make any attempt to substantially or reasonably verify the PHH tradeline.

31. In the alternative, Trans Union failed to contact PHH, and therefore, failed to perform any investigation at all.

32. In the alternative to the allegation that Trans Union failed to contact PHH, it is alleged that Trans Union did forward some notice of the dispute to PHH, and PHH failed to conduct a lawful investigation.

33. In September 2020, Plaintiff sent a direct dispute to PHH asking PHH to properly report to the CRAs that Plaintiff's obligation on the PHH account was hers alone and that she never filed a Chapter 13 Bankruptcy.

34. A redacted copy of Plaintiff's unsigned RESPA letter to PHH is attached hereto as Exhibit "F" and incorporated in by reference.

35. On October 6, 2020, an entity called "NewRez" responded courtesy of PHH and stated in pertinent part that the reporting of the mortgage was correct and that they must report the mortgage as being included in a Chapter 13 Bankruptcy on Plaintiff's credit even though she never filed Chapter 13 Bankruptcy.

36. A redacted copy of PHH's response to Plaintiff's RESPA letter is attached hereto as Exhibit "G" and incorporated in by reference.

## V.  GROUNDS FOR RELIEF

### COUNT I – TRANS UNION'S VIOLATION OF THE FCRA
### (15 U.S.C. §1681e(b))

37. The Plaintiff realleges and incorporates all paragraphs above as if fully set out herein.

38. Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning the Plaintiff.

39. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible **accuracy** of the information concerning the individual about whom the report relates." 15 U.S.C. § 168le(b) (emphasis added).

40. Trans Union knew or should have known of Plaintiff's account status and payment history, but Trans Union continued to prepare a patently false consumer report concerning Plaintiff.

41. Despite actual and implied knowledge that Plaintiff's credit report was and is not accurate, Trans Union readily provided false reports to one or more third parties, thereby misrepresenting Plaintiff, and ultimately Plaintiff's creditworthiness.

42. After Trans Union knew or should have known Plaintiff's account status and was inaccurate, it failed to make any corrections. Further, Plaintiff never requested for her tradeline to be deleted.

43. As a result of Trans Union's conduct, action, and inaction, the Plaintiff suffered damages, including, but not limited to, denial in attempts to refinance, loss in ability to finance goods, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

44. Trans Union's conduct, action, and inaction, were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 168ln. In the alternative, such conduct, action, and inaction were negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

45. The Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

**COUNT II – TRANS UNION'S VIOLATION OF THE FCRA**
**(15 U.S.C. §1681i)**

46. The Plaintiff realleges and incorporates all paragraphs above as if fully set out herein.

47. Trans Union violated 15 U.S.C. § 1681i on multiple occasions by failing to update or delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies, failing to conduct a lawful reinvestigation, failing to forward all relevant information to furnisher(s), failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file, and relying upon verification from a source it has reason to know is unreliable.

48. As a result of Trans Union's conduct, action, and inaction, the Plaintiff suffered

damages, including, but not limited to, denial in attempts to refinance, loss in ability to finance goods, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

49. Trans Union's conduct, action, and inaction, were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, such conduct, action, and inaction were negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

50. The Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

### COUNT III – PHH'S VIOLATION OF THE FCRA
### (15 U.S.C. §1681s-2(b))

51. Defendant PHH violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Plaintiff's dispute(s) from one or more consumer reporting agencies, and/or failing to appropriately report the results of their investigations, and/or failing to appropriately modify the information.

52. PHH further violated 15 U.S.C. § 1681s-2(b) by continuing to report the PHH account within Plaintiff's credit file with the CRA Defendants without also including a notation that this debt was disputed, failing to fully and properly investigate the Plaintiff's dispute of the PHH account, failing to accurately respond to the CRA Defendants, failing to correctly report results of an accurate investigation to every other consumer reporting agency, and failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the PHH inaccuracies to the

consumer reporting agencies.

53. As a result of PHH's conduct, action, and inaction, the Plaintiff suffered damages, including, but not limited to, denial in her attempt to refinance, loss in her ability to finance goods, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

54. PHH's conduct, action, and inaction, were willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

### COUNT IV – PHH'S VIOLATION OF RESPA

55. The Plaintiff realleges and incorporates all paragraphs above as if fully set out herein.

56. Under RESPA section 2605(e) and the implementing regulations, a servicer must conduct a reasonable investigation of the errors identified in the borrower's notice and make all appropriate corrections to the account.

57. PHH has negligently and/or willfully violated section 2605(e) by failing to conduct a reasonable investigation of the errors brought to its attention by Plaintiff's request, correct the account accordingly, and left the account riddled with errors.

58. PHH further violated § 2605(e) by failing to credit late charges and/or penalties as required under subsection (2)(A).

59. PHH's failure to respond, conduct a reasonable investigation and make the appropriate corrections to Plaintiff's account, as well as credit late fees and/or penalties, has

proximately caused Plaintiff's damages.

60. Defendant PHH is therefore liable to Plaintiff for statutory and actual damages as provided in 12 U.S.C. § 2605(f).

61. Plaintiff is also entitled to recover reasonable attorney's fees and costs expended in this proceeding from PHH as provided in 12 U.S.C. § 2605(f).

## VI. VICARIOUS LIABILITY/RESPONDEAT SUPERIOR

62. Plaintiff will be able to show, after reasonable discovery, that all actions at issue were taken by employees, agents, servants, or representatives, of any type, for Defendants, the principals, within the line and scope of such individuals' (or entities') express or implied authority, through employment, agency, or representation, which imputes liability to Defendants for all such actions under the doctrine of respondeat superior and/or vicarious liability.

## VII. DAMAGES

63. Plaintiff respectfully requests that this Honorable Court instruct the jury, as the trier of facts, that in addition to actual or compensatory damages, punitive or exemplary damages may be awarded against the Defendants under the provisions of the FCRA, RESPA, and/or states' laws, including Texas.

64. Plaintiff respectfully requests that this Honorable Court award Plaintiff her litigation expenses and other costs of litigation and reasonable attorney's fees incurred in this litigation, in accordance with the provisions of the FCRA and/or other laws.

65. The above and foregoing actions, inactions, and fault of Defendants, as to each and

every claim, have proximately caused a wide variety of damages to Plaintiff.

66. Defendants performed perfunctory and essentially useless reinvestigations resulting in the verification of false reportings about the Plaintiff and have been a substantial factor in causing credit denials and other damages.

67. Plaintiff suffered a variety of damages, including economic and non-economic damages as prayed for herein.

68. Defendants have negligently and/or willfully violated various provisions of the FCRA and PHH negligently and/or willfully violated RESPA and are thereby liable unto Plaintiff.

69. Defendants are liable unto Plaintiff for all actual, statutory, exemplary and punitive damages awarded in this case, as well as other demands and claims asserted herein including, but not limited to, out-of-pocket expenses, denial in her attempt to refinance her mortgage, credit denials, costs and time of repairing her credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security, attorney's fees, and court costs, and other assessments proper by law and any and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid.

**WHEREFORE PREMESIS CONSIDERED**, Plaintiff, Benita Anderson prays that this Honorable Court:

A. Enter Judgment in favor of Plaintiff and against Defendants, Trans Union LLC, and PHH Mortgage Corporation, jointly, severally, and in solido, for all reasonable damages sustained by Plaintiff, including, but not limited to, actual damages, compensatory damages, out-of-pocket

expenses, credit denials, costs and time of repairing her credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, and fear of personal and financial safety and security for Defendants' violations of the FCRA, PHH's violation of RESPA, applicable state law, and common law;

  B. Find that the appropriate circumstances exist for an award of punitive damages to Plaintiff;

  C. Award Plaintiff pre-judgment and post-judgment interest, as allowed by law;

  D. Order that the CRA Defendants, Trans Union LLC, and Furnisher Defendant, PHH Mortgage Corporation, work in conjunction, cooperatively, and/or individually to reinvestigate and correct the consumer report(s), credit report(s), data emanations, consumer histories, and credit histories of and concerning Plaintiff and/or any of Plaintiff's personal identifiers.

  E. Grant such other and further relief, in law or equity, to which Plaintiff might show she is justly entitled.

Date Filed: <u>January 26, 2021</u>

            Respectfully submitted,

            <u>/s/ Matthew P. Forsberg</u>
            Matthew P. Forsberg
            TX State Bar Number 24082581
            Matt@FieldsLaw.com
            FIELDS LAW FIRM
            9999 Wayzata Blvd.
            Minnetonka, Minnesota 55305
            (612) 383-1868 (telephone)
            (612) 370-4256 (fax)

By: */s/ Jonathan A. Heeps*
Jonathan A. Heeps
State Bar No. 24074387
LAW OFFICE OF JONATHAN A. HEEPS
Post Office Box 174372
Arlington, Texas 76003
Telephone (682) 738-6415
Fax (844) 738-6416
jaheeps@heepslaw.com

COUNSEL FOR PLAINTIFF

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

| | |
|---|---|
| January 26, 2021 | */s/ Matthew P. Forsberg* |
| Date | Matthew P. Forsberg |